```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

PATRICK B. VALCARCEL,              )
                                   )
            Plaintiff,             )
                                   )
     v.                            )    1:17CV735
                                   )
ABM INDUSTRIES/DIVERSICO           )
INDUSTRIES,                        )
                                   )
            Defendant.             )

### MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiff Patrick Valcarcel, proceeding pro se, brings suit against Defendant ABM Industries/Diversico Industries ("ABM")[1] alleging retaliation and discrimination on the basis of race, gender, age, and national origin arising out of his alleged wrongful termination at ABM. Before the court is ABM's motion to dismiss Valcarcel's claims of retaliation and gender discrimination. (Doc. 14.) The motion has been fully briefed and is ready for decision. (Docs. 15, 18, 19.) For the reasons set forth below, ABM's motion will be granted as to both claims.

### I.  BACKGROUND

Viewed in the light most favorable to Valcarcel as the non-moving party, the operative facts are as follows:

---

[1] ABM contends there is no company by this name, but that Valcarcel was employed by ABM Janitorial Services, Inc., a subsidiary of ABM Industries, Inc.; Divsersico, Inc. is also a subsidiary of ABM Industries, Inc., but was not Valcarcel's employer of record. (Doc. 15 at 1 n.1.)

Valcarcel worked at ABM as a Quality Control Janitor from September of 2012 through September of 2015. (Doc. 2-1 at 46–47.) In this position, he was a "full time Project Manager" and had the authority to hire, terminate, or discipline employees on his project. (Id. at 13, 19.)[2] In September of 2015, Valcarcel informed Nadia Moreno, the District Manager to whom he reported, that he intended to fire Vanessa Samora, a young Hispanic female employee, because he felt she was insubordinate.[3] (Id. at 13; Doc. 2 at 8.) Samora was not terminated and instead, on October 8, 2015, Moreno informed Valcarcel that he was being terminated for racially-charged comments that he had previously made toward Samora. (Doc. 2-1 at 13.)[4]

On October 23, 2015, Valcarcel filed an Equal Employment Opportunity Commission ("EEOC") charge against ABM. (Id.) The

---

[2] ABM disputes this and claims that, while Quality Control Janitor is a lead position, Valcarcel had "no authority to hire, fire, or discipline employees." (Doc. 2-1 at 47.) Instead, ABM claims that Valcarcel had "the same duties as the other janitors," except that Valcarcel also had the responsibility to "report to management any issues with staff." (Id.) While recognizing this dispute, the court accepts Valcarcel's account of his authority to hire and fire as true for the purposes of this motion.

[3] Specifically, Valcarcel wanted Samora to assist another ABM employee with her janitorial duties, while Samora preferred to work independently. (Doc. 2-1 at 19.) Valcarcel shared his concern with Moreno, who told him that Samora was under no obligation to work with the other ABM employee so long as she performed her own tasks, and that Valcarcel did not have the authority to change that. (Id. at 47.)

[4] Samora claims that Valcarcel asked if her "papers . . . were fake" and implied that she had recently immigrated to the United States illegally. (Doc. 2-1 at 65.)

charge alleged only that ABM had wrongfully terminated him because of his race, national origin, and age.  (Id.)  It did not include any charge of, or facts related to, retaliation or gender discrimination.  (Id.)  On June 5, 2017, pursuant to a request from Valcarcel, the EEOC informed Valcarcel that it was terminating its processing of his charge and issued a right to sue notice.  (Id. at 1-4.)  On August 10, 2017, Valcarcel filed his complaint with this court.  (Doc. 2.)  ABM now moves to dismiss Valcarcel's retaliation and gender discrimination claims on the grounds that the court lacks subject matter jurisdiction to hear them and, alternatively, they fail to state a claim.  (Doc. 14.)

**II. ANALYSIS**

Valcarcel proceeds pro se.  "When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief. In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff."  Armstrong v. Rolm A. Siemans Co., 129 F.3d 1258 (4th Cir. 1997) (citations omitted) (unpublished table decision).  However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-

1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F.Supp.2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted). Nor does it require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

A court must consider its subject matter jurisdiction as a "threshold matter" prior to addressing the merits of the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). "The plaintiff has the burden of proving that subject matter jurisdiction exists. When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)) (internal citations omitted). A district court should grant the Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Id. (citing Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768).

4

Before filing a federal suit under Title VII, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); Gilliam v. S.C. Dep't of Juvenile Justice, 474 F.3d 134, 139 (4th Cir. 2007). When a plaintiff files a lawsuit following an EEOC charge, "[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The EEOC charge must be precise enough to identify the parties and "describe generally the actions or practices complained of." Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). "At the same time, however, lawyers do not typically complete the administrative charges, and so courts construe them liberally. Chacko, 429 F.3d at 509 (citing Alvarado v. Bd. Of Trs. Of Montgomery Cmty Coll., 848 F.2d 457, 460 (4th Cir. 1988)).

ABM argues that the retaliation and gender discrimination claims were not included in Valcarcel's EEOC charge giving rise to the present lawsuit and that, consequently, Valcarcel's failure to have properly exhausted his administrative remedies deprives this

5

court of subject matter jurisdiction over those claims. (Doc. 15 at 8–10.)[5] Valcarcel does not dispute this argument, as his response argues only in defense of his age, race, and national origin discrimination claims – none of which are at issue in the pending motion. (Doc. 18 at 4.)

The court agrees with ABM. Valcarcel's EEOC charge mentions only that he was wrongfully terminated as a result of discrimination based on his race, national origin, and age. (Doc. 2-1 at 13.) There is no claim that Valcarcel engaged in a protected activity that could give rise to a retaliation claim, nor is there any claim that Valcarcel may have been discriminated against based on gender. (Id.) As such, the retaliation and gender discrimination claims are not "reasonably related" to Valcarcel's EEOC charge, Valcarcel has not exhausted his administrative remedies as to these claims, and the court lacks subject matter jurisdiction to hear them. Evans, 80 F.3d at 963; Chacko, 429 F.3d at 506.[6]

---

[5] Because the court lacks subject matter jurisdiction over these claims, the alternative ground for dismissal on the merits is not reached.

[6] Although Valcarcel checked the box for "retaliation" on his EEOC intake questionnaire, he included no details even suggestive of a retaliation claim, and the absence of any reference to retaliation in the EEOC charge issued nine days later indicates that this notation was not a request for the agency to act on a retaliation claim. Cf. Federal Express Corp. v. Holowecki, 552 U.S. 389, 406 (2008) (holding that an intake questionnaire can be interpreted as a charge if it can be interpreted as a request for the agency to act).

**III. CONCLUSION**

For the reasons stated, the court lacks subject matter jurisdiction to consider Valcarcel's retaliation and gender discrimination claims.

IT IS THEREFORE ORDERED that ABM's motion to dismiss Valcarcel's retaliation and gender discrimination claims (Doc. 14) is GRANTED and those claims are DISMISSED WITHOUT PREJUDICE.[7]

/s/   Thomas D. Schroeder<br>United States District Judge

May 25, 2018

---

[7] Although ABM requests dismissal with prejudice, "[a] dismissal for lack of standing – or any other defect in subject matter jurisdiction – must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013); see, e.g., Hughes v. Mountain River Trucking Co., Inc., No. 1:10-CV-889, 2012 WL 13035399, at *2 (M.D.N.C. Jan. 4, 2012) (dismissing without prejudice claims that were not reasonably related to a plaintiff's filed EEOC charge for lack of subject matter jurisdiction).